# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZBETH COLON,<br><br>        Plaintiff,<br><br>  vs.<br><br>ARAIN, et al.,<br><br>        Defendants. | 1:13cv02109 DLB PC<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH DISCOVERY ORDER AND/OR FAILURE TO PROSECUTE<br><br>TWENTY-ONE DAY DEADLINE |

     Plaintiff Lizbeth Colon ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's First Amended Complaint for violation of the Eighth Amendment against Defendants Jones and Arain.

     The Court issued a Discovery and Scheduling Order on March 30, 2015, and the action is currently in discovery. Defendant Arain's July 17, 2015, motion to compel is pending. Plaintiff did not file an opposition to the motion.

On August 21, 2015, Defendant Arain filed a notice indicating that Plaintiff was released from prison in December 2014 due to her cancer prognosis. Defendant Arain provided the Court with a current address for Plaintiff and the Court's records have been updated.[1]

Counsel for Defendant Arain indicated that he last spoke with Plaintiff on May 4, 2015. During the discussion, Plaintiff indicated that she would not be responding to discovery. Urone Decl. ¶ 10.

Plaintiff last communicated with the Court in November 2014, when she revealed to the Court that her cancer prognosis was poor.

At this juncture, it appears as though Plaintiff may no longer be prosecuting this action. To avoid the unnecessary expenditure of time and resources, Plaintiff is ORDERED TO SHOW CAUSE, if any she has, why this action should not be dismissed for failure to comply with the Court's March 30, 2015, Discovery and Scheduling Order, and/or failure to prosecute this action. Plaintiff must file a response to this order within twenty-one (21) days of the date of service of this order.[2]

<u>Failure to file a response will result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **August 25, 2015**                         /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Insofar as Defendant Arain requests that this action no longer be treated as one involving an incarcerated person, the request is DENIED. It is this Court's practice to continue application of Local Rule 230(l) even where an inmate is released during the pendency of an action.

[2] An individual on Plaintiff's behalf may also inform the Court and/or Defendants' counsel of Plaintiff's situation.