# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZBETH COLON,<br><br>            Plaintiff,<br><br>     vs.<br><br>ARAIN, et al.,<br><br>            Defendants. | 1:13cv02109 DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDERS AND FAILURE TO PROSECUTE<br><br>ORDER DENYING MOTION TO COMPEL AS MOOT<br>(Document 33) |

Plaintiff Lizbeth Colon ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's First Amended Complaint for violation of the Eighth Amendment against Defendants Jones and Arain.[1]

The Court issued a Discovery and Scheduling Order on March 30, 2015, and the action is currently in discovery. Defendant Arain's July 17, 2015, motion to compel is pending. Plaintiff did not file an opposition to the motion.

On August 25, 2015, based in part on information received from Christopher Urone, Defendant Arain's attorney, the Court issued an order to show cause why this action should not

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.

1

be dismissed for failure to follow the Court's orders and failure to prosecute this action.[2] Plaintiff did not file a response to the order.

On September 14, 2015, Mr. Urone filed an update with the Court. He states that Plaintiff contacted him on August 25 and 26, 2015, to inquire about the status of this action. Subsequent to their conversation, Mr. Urone forwarded all documents filed with this Court since March 30, 2015, including the Court's order to show cause, to Plaintiff. Despite this contact with Mr. Urone, Plaintiff has not responded to Defendant Arain's discovery requests, opposed the motion to compel, or responded to the Court's order to show cause.

## DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance

---

[2] In the order to show cause, the Court noted that Plaintiff had not been in contact with this Court since November 2014. At the time the order to show cause issued, she had last spoken with Mr. Urone on May 4, 2015, when she indicated that she would not be responding to discovery.

of litigants . . . ." Pagtalunan, 291 F.3d at 642 (citation and internal quotation marks omitted). The Court has an extremely heavy caseload, and when litigants disregard orders of the Court and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised.

Turning to prejudice to Defendants, the Court issued the Discovery and Scheduling Order on March 30, 2015.  On July 17, 2015, Defendant Arain was forced to file a motion to compel after Plaintiff failed to provide initial disclosures and responses to his first set of discovery requests.  In fact, in May 2015, Plaintiff indicated to Mr. Urone that she would not be responding to discovery.  As a result, Defendants are left trying to defend an action in which Plaintiff has refused to cooperate.  Indeed, even after Mr. Urone provided Plaintiff with all documents filed with this Court since March 30, 2015, Plaintiff has not responded to discovery or filed an opposition to the pending motion to compel.  Prejudice to Defendants therefore weighs in favor of dismissal where Defendants are unable to move forward with this action.

Finally, while public policy favors resolution on the merits, the Court will not proceed with an action where the Plaintiff does not respond to orders, communicate with the Court or abide by the Court's discovery orders.  Plaintiff was given an opportunity to offer her explanation for these failures, if any, but she did not file a response to the order to show cause.  The order to show cause was clear that dismissal would result from her failure to file a response.  Under these circumstances, there are no alternative sanctions which are satisfactory.  In re PPA, 460 F.3d at 1228-29; Pagtalunan, 291 F.3d at 643.

Therefore, the Court finds that dismissal is warranted given Plaintiff's unwillingness to engage in the discovery process, oppose the pending motion and communicate with the Court.

///

///

///

**ORDER**

Accordingly, this action is DISMISSED, without prejudice, for failure to obey the Court's discovery orders and failure to prosecute this action.  Defendant Arain's motion to compel (Document 33) is DENIED AS MOOT.

IT IS SO ORDERED.

    Dated:  __**October 5, 2015**__                              _____/s/ *Dennis L. Beck*___
                                                                              UNITED STATES MAGISTRATE JUDGE